IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL LEE LEDBETTER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**DHS STAFF,**<br><br>      **Defendants.** | Case No. 22-cv-01887-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Lee Ledbetter, who is currently being held at Chester Mental Health Center ("CMHC"), filed this lawsuit alleging that he has been verbally and physically abused at CMHC.

Ledbetter has not informed the Court as to his confinement status as a civil detainee, pre-trial detainee, or prisoner. Regardless, he has filed a motion to proceed *in forma pauperis*, and therefore, the Court must conduct a review of the Complaint. Under Section 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Ledbetter has done so here. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff, those filed by prisoners and non-prisoners alike.

A court can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319,

325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### DISCUSSION

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what each named defendant did, or failed to do, that violated the plaintiff's constitutional rights. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555 (2007); FED. R. CIV. P. 8(a)(2).

Here, the Complaint[1] contains a single sentence stating that in the past year and a half he and other patients at CMHC have been verbally and physically abused. (Doc. 1, p. 6). In the case caption, Ledbetter lists DHS staff as defendants. This allegation against DHS staff, in general, does not satisfy basic pleading requirements described in Rule 8 and *Twombly*. Ledbetter has not identified or described any individual defendants or their conduct. His Complaint is simply too sparse and vague to "state a claim for relief that is plausible on its fact." *Twombly,* 550 U.S. at 570.

Accordingly, the Complaint is dismissed without prejudice. Ledbetter will be granted an opportunity to replead his claims in an amended complaint. He will also be given an opportunity to voluntarily dismiss this case and avoid paying the filing fee.

---

[1] Doc. 15 appears to be a supplement to the Complaint asking to the Court to add that Plaintiff seeks $25 million in damages. The Court considers this supplement along with the Complaint.

### MOTIONS TO DISMISS AND CONTINUE

On September 15, 2022, Ledbetter filed a letter with the Court expressing a desire to continue litigating this case. (Doc. 12). Three days later, he filed a motion stating he would like to dismiss the case. (Doc. 13). Then on October 3, 2022, Ledbetter filed a motion stating that he did not mean to file the previous motion, and he would in fact like to continue litigating this case. (Doc. 14). Although the Court can decipher the main purpose of the motions, the motions are difficult to read and somewhat unintelligible. Thus, the motions are **DENIED** at this time. (Doc. 12, 13, 14). Ledbetter filed similar confusing motions in his other civil case No. 22-cv-01215-SPM, which was also before this Court. That case was ultimately dismissed with prejudice for the same failings presented in the current Complaint, vague and sparse pleadings regarding alleged abuse at CMHC. *Ledbetter v. Jeff,* No. 22-cv-01215-SPM, Doc. 50 (S.D. Ill., Oct. 24, 2022). Thus, the Court would like to give Ledbetter an opportunity to voluntarily dismiss this case and avoid incurring another filing fee.

Ledbetter will have until **November 21, 2022**, to file an amended complaint or to notify the Court that he has decided to voluntarily dismiss this case. **If Ledbetter files a notice to voluntarily dismiss by this deadline, he will not have to pay the filing fee, and the case will be dismissed without prejudice.**

### MOTIONS FOR RECRUITMENT OF COUNSEL

The motions for recruitment of counsel are also **DENIED.** (Doc. 8, 10). As a civil litigant, Ledbetter has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if

so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Ledbetter has not provided any information regarding efforts he has made to recruit counsel on his own prior to seeking assistance from the Court, such as the names and addresses of law firms he has contacted or letters from attorneys who have declined representation. Because he has not met this threshold burden of making a reasonable attempt to secure counsel, the motions are **DENIED.** *See Santiago v. Walls,* 599 F.3d 749, 760 (7th Cir. 2010).

### IFP STATUS

On September 13, 2022, the Court granted Ledbetter's motion to proceed *in forma pauperis* ("IFP"). (Doc. 11). However, 28 U.S.C. § 1915(e)(2) requires the denial of a plaintiff's motion for leave to proceed IFP if the complaint fails to state a claim upon which relief may be granted. *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).Thus, the Order granting Ledbetter leave to proceed IFP is **VACATED.** (Doc. 11). Ledbetter's IFP status is hereby **REVOKED.** The filing fee of $402.00 remains due and payable. Ledbetter may renew his request to proceed IFP if he chooses to file an amended complaint. In the alternative, as discussed above, Ledbetter may file a notice of voluntarily dismissal and avoid the filing fee in this matter altogether.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim. On or before **November 21, 2022***,* Ledbetter must file an amended complaint or a notice of voluntary dismissal. If Ledbetter chooses to voluntarily dismiss this case, the case will be dismissed without prejudice, and he will ***not*** be charged a filing fee.

If he chooses to file an amended complaint, Ledbetter is **ADVISED** that the First Amended Complaint supersedes and replaces the original complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court

will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. Ledbetter should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. As much as possible, he should include the relevant facts in chronological order. To enable him to comply with this Order, the **CLERK is DIRECTED** to mail Ledbetter a blank civil rights complaint form.

Should Ledbetter fail to file an amended complaint or a notice of voluntary dismissal within the allotted time or consistent with the instructions set forth in this Order, **the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims, and he will be obligated to pay the full filing fee.** FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

The Order granting the motion for leave to proceed IFP is **VACATED** (Doc. 11). Ledbetter's IFP status is hereby **REVOKED**. The filing fee of $402.00 remains due and payable. Ledbetter may renew his request to proceed IFP if he chooses to file an amended complaint.

The motions for recruitment of counsel are **DENIED.** (Doc. 8, 10). The motions to continue and the motion to dismiss are **DENIED.** (Doc. 12, 13, 14).

**IT IS SO ORDERED.**

**DATED:   October 24, 2022**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**